IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICKEY WHITE,                           :

    Petitioner,                         :

v.                                      :   CIVIL ACTION 12-0025-WS-M

RANDALL WORKMAN,                        :
Warden of Oklahoma
State Penitentiary,                     :

    Respondent.                         :

REPORT AND RECOMMENDATION

Petitioner, an inmate at Oklahoma State Penitentiary, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. 3). Petitioner raises several claims in challenging his conviction and sentence for first degree murder in the Circuit Court of Choctaw County, Oklahoma, in the Eastern District of Oklahoma. 28 U.S.C. § 116(b).

Because Petitioner was convicted in the Eastern District of Oklahoma and is incarcerated in the Eastern District of Oklahoma,[1] this Court is the improper venue for this habeas action. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 497-501 (1973); 28 U.S.C. § 2241. This Court, however, may transfer this action pursuant to 28 U.S.C. § 2241(d) "in the

---

[1] The Oklahoma State Penitentiary is in McAlester, Oklahoma in Pittsburgh County. http://en.wikipedia.org/wiki/McAlester,_Oklahoma

1

interest of justice." *Dobard v. Johnson,* 749 F.2d 1503, 1506-08 (11th Cir. 1985); *see also Naum v. Brown*, 604 F.Supp. 1186, 1188 (E.D.N.Y. 1985) (transferring pursuant to 28 U.S.C. § 1406 to court where jurisdiction was proper because petitioner was a prisoner and a pauper).

Inasmuch as the Eastern District of Oklahoma is where Petitioner's conviction and sentence arose as well as where he is incarcerated, it is recommended that, in the interest of justice, this action be transferred to the United States District Court for the Eastern District of Oklahoma for further proceedings. *Braden,* 410 U.S. at 497 ("Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy").

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate

judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of February, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE